**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

**Dated: May 12 2017**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No.: 16-31382 |
| Vicente R. Samano and Marcia Samano, | Chapter 7 |
| | Adv. Pro. No. 16-3091 |
| Debtors. | |
| | Hon. Mary Ann Whipple |
| Silvino Romero, et al., | |
| Plaintiffs, | |
| v. | |
| Vicente R. Samano, et al., | |
| Defendants. | |

### MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court on Defendants' Motion for Leave to File Counterclaim ("Motion") [Doc. # 26] and Plaintiffs' reply [Doc. # 32]. For the reasons that follow, Defendants' Motion will be denied.

Defendants are the debtors in the underlying Chapter 7 case. In their Complaint, Plaintiffs allege that Defendants owe them a debt that is nondischargeable under 11 U.S.C. § 523(a)(6) as a result of Defendants forcing Plaintiffs out of a business partnership owned jointly by the parties and conversion of the business property. Defendants served their Answer on Plaintiffs on September 7, 2016.

On March 22, 2017, Defendant filed their Motion, seeking leave to amend their Answer to include

a counterclaim. Although a proposed counterclaim is not attached to the Motion, Defendants state that, to the extent that the partnership relationship alleged in the Complaint is found to exist, "Defendants will, *inter alia,* seek as to have [Plaintiff Silvino] Romero adjudicated liable to the Defendants for Mr. Romero's aliquot share of the partnership debt." [Doc. # 26, p.2]. According to Defendants, although they received a discharge in the underlying Chapter 7 case, they are still personally liable for "a large amount of outstanding tax liabilities" that arose from the operation of the failed business. [*Id.*]. Defendants' bankruptcy Schedule E/F lists claims for unpaid taxes and workers' compensation premiums in the total amount of $20,482.53, all of which are designated as contingent and, except for $770.10, as unliquidated and disputed. [Case No. 16-31382, Doc. # 1, pp. 20-21/87].[1] They amended their bankruptcy schedules to list their claim as property of the bankruptcy estate, which appears to be the basis for the Chapter 7 trustee's notice of assets and request to set a deadline for proof of claim forms to be filed. [Case No. 16-31382, Doc. # 23], following a previous Report of No Distribution, [*Id.,* at Doc. # 18].

## LAW AND ANALYSIS

A motion to amend a pleading to add a counterclaim is governed by Rule 15 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015. *See Bern Unlimited, Inc. v. Burton Corp.*, 25 F. Supp. 3d 170, 178 (D. Mass. 2014). Rule 15 provides that a party may amend its pleading once as a matter of course within twenty-one days after serving it if the pleading is one that did not require a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). That deadline has passed in this case. Thereafter, a party may amend his complaint only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a)(2). Generally, a court "should freely give leave" to amend a complaint "when justice so requires." *Id.* However, an exception to this general rule exists when the amendment would be futile. *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiffs argue, among other things, that Defendants' Motion should be denied because their proposed counterclaim is not ripe for adjudication. The court agrees.

In *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565 (6th Cir. 2008), *cert. denied* 556 U.S. 1221 (2009), the Sixth Circuit Court of Appeals explains:

---

[1] The court takes judicial notice of the contents of its case docket and the Debtors' schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

" '[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.' " *Cooley v. Granholm*, 291 F.3d 880, 883–84 (6th Cir. 2002) (quoting *Texas v. United States*, 523 U.S. 296, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998)). As a rule, we do not allow litigation on premature claims to ensure that courts litigate "only existing, substantial controversies, not hypothetical questions or possibilities." *City Commc'ns, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir. 1989). Because Winget's claims regard the valuation of collateral the Defendants have not yet sought, those claims are only hypothetical questions or possibilities, and the district court correctly dismissed those claims.

*Winget*, 537 F.3d at 581-82.

Defendants' proposed counterclaim is, in essence, a contribution claim regarding taxes that Defendants might pay in the future or, perhaps more precisely, a claim seeking a declaration that Plaintiff Romero is liable to Defendants on a future contribution claim with respect to such taxes. Defendants have not yet paid the "outstanding tax liabilities." Unless and until they have done so, their proposed counterclaim regarding Romero's liability to them for contribution of his share of the tax debts is only a hypothetical question or possibility. Because it is not ripe for review, the proposed counterclaim could not withstand a Rule 12(b)(6) motion to dismiss. *See id.* at 582 (stating that the district court correctly dismissed the claims that were not ripe for adjudication)[2]. As such, Defendants amending their Answer to add a counterclaim would be futile.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion for Leave to File Counterclaim [Doc. # 26] be, and hereby is, **DENIED**.

###

---

[2]Having listed the claim on their Amended Schedule A/B as property of the bankruptcy estate, even if the claim is ripe for review the court questions whether Defendants have standing to assert the claim in lieu of the Chapter 7 trustee. *Atlantic Community Bank v. Iredale (In re Iredale)*, 429 B.R. 853, 855 (Bankr. D.S.C. 2010)("Once a trustee is appointed, the chapter 7 debtor has no standing to pursue a pre-petition cause of action.") (citations including *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988), *cert. denied* 489 U.S. 1079 (1989)).

3